### WOOD, appellant, v. LOCKWOOD.

*Suretyship — what is not an enlargement of obligation of surety.*

A wife gave a mortgage as collateral security for the performance of the condition of her husband's bond, which was to account for all goods, wares and merchandise to be consigned for sale or commission to him by the plaintiff, and to pay to the plaintiff the amount of proceeds of the sales of such goods. A firm, of which plaintiff was a member, consigned goods to the husband, but it was agreed between plaintiff and his partner before the goods were sent, that the consignments should be made at plaintiff's risk and that plaintiff should assume the accounts, which he did. *Held,* that the wife's mortgage was a security for the payment of proceeds of·sale on such consignment.

APPEAL from a judgment in favor of defendant entered upon the report of a referee. The action was brought by John Wood against Hannah E. Lockwood and others, to foreclose a mortgage given by said Lockwood to plaintiff as security for a contingent indebtedness of her husband. The mortgage in question after reciting that certain business transactions had been entered into between the plaintiff and the defendant's husband, by which the latter was to sell the goods, wares and merchandise of the plaintiff on commission; and that the defendant and her husband had consented, as a part of such agreement, to give their mortgage in the sum of $10,000 as collateral to his bond, conditioned to secure the plaintiff against any future indebtedness or liability of or from her husband, which might arise from time to time under and in pursuance of the arrangement made. It then recited that they were indebted to the plaintiff in the sum of $10,000, as collateral security for the performance of the husband's bond, conditioned to account for all goods, wares and merchandise consigned or to be consigned, for sale on commission, to him by the plaintiff, and to assume, account for and pay to him the amount of proceeds and avails of all sales so made by the husband, absolutely as the plaintiff's debtor, after deducting just credits and commissions thereon. And it contained the condition that the mortgage should become void upon the performance of the condition of the bond, according to the true intent and meaning thereof. That condition, as it was expressed in the bond, required the husband to well and truly account for all goods, wares and merchandise consigned or to be consigned to him for sale on commission, and assume, account for and pay to the plaintiff the amount of all proceeds and avails of all sales made by him, after the deduction of just credits and commissions thereon.

At the time when the agreement was made and the mortgage was delivered, the plaintiff was a member of two manufacturing firms, and those firms afterward, under his direction, consigned goods to the defendant's husband to be sold by him on commission. The proceeds of the goods of one of the firms were all properly accounted for and paid over, but upon those of the other firm there was a deficiency of $7,054.86, when the action for the foreclosure of the mortgage was commenced.

But while it appeared that the goods were consigned by one of plaintiff's firms, the evidence proved that the business of the firm sending the goods was conducted at the city of New York exclusively in the plaintiff's name, and that the orders given for the goods were given by the defendant's husband and her son acting for

him, to the plaintiff personally. The plaintiff thereupon, in his own name, ordered his partner, Lees, to send the goods, and no goods were sent but such as were ordered in that manner. When they were sent, Lees also sent an invoice of them to the plaintiff in his, Lees', name, and they were charged in what was called "your account," and the accounts were always settled by the plaintiff, and never by Lees.

Before the goods were sent, and at the time of the execution of the bond and mortgage, it was understood and agreed between Lees and the plaintiff that the latter should assume the accounts of the goods sent to the plaintiff's husband, and he did assume them in the settlement between himself and Lees.

*W. H. Scott*, for appellant.

*Moses Ely*, for respondent.

DANIELS, J.

The opinion states as follows: "The plain substance of the transaction was that the defendant's husband had arranged with the plaintiff for the consignment of the goods for sale upon commission, and the latter for that purpose, on his own credit, procured them to be sent, on his account and at his risk, for sale under that arrangement. That substantially rendered the consignments his own. And they were so treated by the orders given for them and the settlements made on account of them.

"Under these circumstances, the debt created by the omission to account for and pay over the proceeds of the sale was one due to the plaintiff arising out of consignments made by him within the import of the terms and recitals contained in the mortgage as well as the bond. It was a demand for the proceeds of the sale of the plaintiff's goods on commission by the defendant's husband. And that was sufficient to render the defendant's mortgage a security for its payment.

"The general principle relied upon in support of the judgment that the obligation of a surety shall not be enlarged by construction beyond the fair import of the terms creating it, is in no way inconsistent with this construction. For the transaction as it was established, was within the language used to create the security, as well as what was the contemplation and intent of the defendant at the time when it was given."

*Judgment reversed and new trial ordered.*